certain whether error has been committed," etc. 4 Tex. Jur. p. 297, § 208. "A bill of exception should be sufficient without the aid of the statement of facts, to disclose the error complained of. * * * The appellate court is not required to and generally will not look to the statement of facts in aid of a defective bill, unless specific reference to some particular part of such statement of facts is made in the bill, or unless the trial court refers to it in his explanation or qualification of a bill,—although it may do so." 4 Tex. Jur. p. 300. Many cases will be found listed in the notes under the text supporting the principles contained in the foregoing quotations from Texas Jurisprudence.

We regret that so many authorities stand in the way of a consideration of the bills, but we feel unauthorized to ignore them.

Appellant's second motion for rehearing is denied.

No bills of exception are brought forward. The motion for new trial was overruled on October 13, 1934, at which time notice of appeal was given. The statement of facts was filed January 12, 1935, which was 91 days after notice of appeal. Article 760, C. C. P., in subdivision 5, provides that: "A statement of facts in a felony case filed within ninety days from the date the notice of appeal is given shall be considered as having been filed within the time allowed by law for filing same." For authorities holding that a statement of facts filed after ninety days may not be considered, see note 36, under article 760, Vernon's Tex. C. C. P. vol. 3.

The judgment is affirmed.

## FAIRLY v. STATE.
### No. 17507.

Court of Criminal Appeals of Texas.
April 17, 1935.

V. M. Toomey, of Houston, and David E. O'Fiel and B. F. Sanders, both of Beaumont, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for robbery; punishment being five years in the penitentiary.

## JOHNSON v. STATE.
### No. 17530.

Court of Criminal Appeals of Texas.
April 17, 1935.

Ramey A. Smith, of Sulphur Springs, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for theft of an automobile over the value of $50; punishment being assessed at six years in the penitentiary.

The indictment charges the offense. No statement of facts or bills of exception are in the record. In such condition nothing is presented for review.

The judgment is affirmed.